**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CHRISTOPHER FOLEY,**

        **Plaintiff,**      **:**

    **v.**

**CORAZON COUNTRY**
**CLUB, LLC, d/b/a THE**
**CLUB AT CORAZON,**      **:**

        **Defendant.**

**Case No. 2:24-cv-1740**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A.**
**Jolson**

<u>**OPINION AND ORDER**</u>

This matter is before the Court on two motions: (1) the Motion to Set Aside

Entry of Default filed by Corazon Country Club, LLC (ECF No. 14); and (2) the

Motion for Default Judgment filed by Christopher Foley (ECF No. 16). Both motions

are ripe for consideration. For the reasons set forth below, the Motion to Set Aside

Entry of Default (ECF No. 14) is **CONDITIONALLY GRANTED**, and the Motion

for Default Judgment (ECF No. 16) is **DENIED as moot**.

## I.    PROCEDURAL HISTORY

Mr. Foley commenced this action against Corazon in April 2024. (ECF No. 1.)

Shortly thereafter, he filed a First Amended Complaint (ECF No. 6), substituting

Corazon's correct legal name and alleging that Corazon failed to pay him for hours

he worked, including overtime compensation for hours worked in excess of forty (40)

hours per workweek, in violation of the Fair Labor Standards Act ("FLSA"), the

Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and the Ohio Prompt Payment Act (Ohio Rev. Code § 4113.15). (ECF No. 6, ¶¶ 1, 24–39.)

Corazon was served with a summons and the Amended Complaint via certified mail to its authorized agent pursuant to Rule 4 (ECF Nos. 8, 9, 9-1) but failed to move or plead in response to the Amended Complaint. Accordingly, on August 5, 2024, Mr. Foley applied to the Clerk for an entry of default pursuant to Rule 55(a). (ECF No. 10.) Default was entered two days later. (ECF No. 11.)

After several weeks of inactivity on Mr. Foley's part, the Court ordered him to show cause why his claims against Corazon should not be dismissed for failure to prosecute. (ECF No. 12.) Mr. Foley subsequently filed a Motion for Default Judgment on September 18, 2024. (ECF No. 16.) However, in the period between the issuance of the Court's show cause order and the filing of Mr. Foley's Motion, Attorney Francis Alvin Kovacs-Colón appeared on behalf of Corazon and moved to set aside the entry of default. (ECF Nos. 13, 14.) Mr. Foley responded (ECF No. 15), but Corazon did not submit a Reply, nor did it oppose the Motion for Default Judgment.

## II.     Entries of Default and Default Judgments

Federal courts favor trials on the merits because default judgment is a "harsh sanction." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983). Nevertheless, Federal Rule of Civil Procedure 55 provides a two-step sequential process for obtaining a default judgment. First, a party must apply for and obtain an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). The

Clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" *Id.* Second, the party must either (1) ask the Clerk to enter default judgment if the claim is for "a sum certain or a sum that can be made certain by computation"; or (2) in all other cases, "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)–(2). The determination of whether to grant a motion for default judgment is committed to "the sound discretion of the court." *In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (applying Federal Rule of Bankruptcy Procedure 7055).

Once default has been entered, a court may rule on default judgment against the defendant with or without a hearing. Fed. R. Civ. P. 55(b). Although the well-pled factual allegations of a complaint are accepted as true for the purpose of determining liability, courts must still determine whether those facts state a claim upon which relief may be granted. *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016) (citing *J&J Sports Prods., Inc. v. Rodriguez*, No. 1:08-cv-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008)). Additionally, "those allegations relating to the amount of damages suffered are ordinarily not [accepted as true], and a judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Brinager v. JAO Distribs., Inc.*, No. 1:14-cv-252, 2014 WL 3689147, at *1 (S.D. Ohio July 23, 2014) (Black, J.) (citing *Dundee Cement Co. v. Howard Pipe & Concrete*

*Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

The two-step process set forth in the Federal Rules is significant in a case such as this one because "there is a distinction between the appropriate standard for setting aside a *default* and that appropriate for setting aside a *default judgment.*" *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986) (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980)) (emphasis in original).

> Once a defendant fails to file a responsive answer, he is in *default,* and an entry of *default* may be made by either the clerk or the judge. A *default judgment* can be entered by a clerk only if a claim is liquidated or, if a claim is unliquidated, by the judge after a hearing on damages. A *default* can be set aside under rule 55(c) for "good cause shown," but a default that has become final as a *judgment* can be set aside only under the stricter rule 60(b) standards for setting aside final, appealable orders.

 (*Id.*) (emphasis in original).

Here, Mr. Foley has completed only the first step of this process—an entry of default. (ECF No. 11.) His Motion for Default Judgment (ECF No. 16) is currently before the Court. Accordingly, the entry of default can be set aside for "good cause shown." Fed. R. Civ. P. 55(c). In determining whether good cause exists, the Court must consider: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992). Although "[a]ll three factors must be considered in ruling on a motion to set aside an entry of default," when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a

4

district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard,* 796 F.2d at 194.

### A.     Corazon's Motion to Set Aside Entry of Default

In support of its Motion, Corazon offers an affidavit executed by its counsel, Mr. Kovacs-Colón. (ECF No. 14-1.) Therein, Mr. Kovacs-Colón states that he entered "good faith discussions" with Mr. Foley's counsel in July 2023 in an attempt to mediate any employment-related claims. (*Id.*, ¶¶ 1–2.) These discussions were unsuccessful, however, because in May 2024, Mr. Foley's counsel requested that Mr. Kovacs-Colón accept service of the original Complaint filed in the instant case. (*Id.*, ¶ 3.) Mr. Kovacs-Colón avers that he had "no authority to accept service" at that time because Corazon contested the allegations and was unwilling to settle. (*Id.*, ¶ 4.) Weeks later, Mr. Foley filed an Amended Complaint (ECF No. 6), which was served by certified mail on July 9, 2024 (ECF No. 9) and received by Corazon's registered agent for service of process (ECF No. 9-1). However, Mr. Kovacs-Colón represents that neither he nor Corazon received the Amended Complaint from the agent (or from Mr. Foley's counsel), such that he had no knowledge that an action had been filed "pursuant to a served summons" until he learned that default had been entered against Corazon. (ECF No. 14-1, ¶¶ 5–7.)

Mr. Foley's counsel, Alanna Klein Fischer,[1] submitted an opposing declaration in which she states that (1) she emailed a file-stamped copy of the original Complaint and summons to Mr. Kovacs-Colón on April 15, 2024; (2) Mr.

---

[1] The Court granted Ms. Fischer's request to withdraw as Mr. Foley's counsel on November 1, 2024. (ECF No. 21.) Robert Kapitan is now lead counsel. (*Id.*)

Kovacs-Colón confirmed receipt and requested an extension to respond, which Ms. Fischer agreed to; and (3) when Mr. Kovacs-Colón did not respond by the agreed-upon deadline, Ms. Fischer re-sent the materials. (ECF No. 15-1, ¶¶ 3–6; ECF Nos. 15-2, 15-3, 15-4, 15-5.) Ms. Fischer then instructed her paralegal to prepare and submit the materials for service by the Clerk. (ECF No. 15-1, ¶ 7.) The Clerk entered a Certificate of Mailing (ECF No. 3) followed by confirmation that the summons had been returned executed (ECF No. 4). On June 24, 2024, the Clerk docketed a letter by Corazon's agent stating that it was unable to accept service. (ECF No. 5; ECF No. 15-1, ¶ 10.) That same day, Mr. Foley filed his Amended Complaint. (ECF No. 6; ECF No. 15-1, ¶ 11.) Ms. Fischer's declaration does not reflect whether she sent Mr. Kovacs-Colón a courtesy copy of the Amended Complaint or summons.

With this information, the Court looks to the Rule 55(c) factors to determine whether there is good cause to set aside the entry of default in this case.

### 1.      Prejudice

Taking the factors in reverse order for ease of analysis, the Court begins with whether Mr. Foley will be prejudiced. In support of Corazon's Motion, Mr. Kovacs-Colón baldly asserts that that "no prejudice has occurred to the Plaintiff as the potential claims remain viable." (ECF No. 14-1, ¶ 10.) However, he provides no facts and makes no legal argument in support of his assertion.

For his part, Mr. Foley argues that setting aside default would significantly prejudice him "by further delaying his recovery, increasing his legal expenses, and

6

potentially diminishing the availability of witnesses and critical evidence … making it more difficult for [him] to effectively prove his claims." (ECF No. 15, PAGEID # 65.) "[D]elay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55." *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006) "Nor does increased litigation cost generally support entry of default." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011). Rather, the prejudice inquiry focuses on "the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from defendant's conduct." *Id.* Mr. Foley must show that "the delay [would] result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). He has made no such showing in this case but rather simply speculates as to the availability of witnesses and evidence. (ECF No. 15, PAGEID # 65.) Construing the facts in the light most favorable to Corazon, the Court cannot conclude that granting Corazon's Motion will result in prejudice.

### 2.    Meritorious Defense

Turning to the next Rule 55(c) consideration, a defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell,* 434 F.3d at 834 (citations omitted). Put differently, a defense is meritorious if it is "good at law," regardless of whether it is actually likely to succeed on the merits. *Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir. 2003) (citations omitted). In the context of setting aside default, a

meritorious defense need not be supported by detailed factual allegations—all that is needed is "a hint of a suggestion" that, "proven at trial, would constitute a complete defense." *INVST Fin. Group,* 815 F.2d at 399 (quoting *Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 374 (D.C. Cir. 1980)).

Corazon's Motion does not highlight any specific defenses—Mr. Kovacs-Colón merely states that his client "contested the merits of the allegations." (ECF No. 14-1, ¶ 4.) Corazon has not submitted a proposed Answer or other responsive pleading. Thus, Corazon's defenses at this time are unknown, and this factor does not favor setting aside default.

### 3. Culpability

Finally, mere negligence or failure to act reasonably is not enough to sustain a default. "[I]t is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable." *Shepard,* 796 F.2d at 194. Instead, for a defendant to be deemed culpable for the default, it "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [its] conduct on judicial proceedings." *Thompson v. Am. Home Assur. Co.,* 95 F.3d 429, 433 (6th Cir. 1996) (citations omitted).

Corazon did not act quickly in moving to set aside the entry of default against it. Default was entered on August 7, 2024, and Ms. Fischer sent Mr. Kovacs-Colón a copy of the entry via email two days later. (ECF Nos. 11, 15-9.) Although Mr. Kovacs-Colón confirmed receipt of Mr. Fischer's email on August 9 (ECF No. 15-10), he did not move to set aside the default until September 13—more than a month

later. (ECF No. 14.) Additionally, Mr. Kovacs-Colón was aware that a suit against his client had been filed by virtue of Ms. Fischer's email updates. (ECF No. 15-1, ¶¶ 3–6; ECF Nos. 15-2, 15-3, 15-4, 15-5.) Yet he failed to communicate with his client's authorized agent to inquire about service and seemingly paid no attention to this case until his opposing counsel notified him of the entry of default.

Nonetheless, the Court does not find that Mr. Kovacs-Colón's conduct was intended to "thwart" these proceedings. He represents through his Affidavit that neither he nor Corazon received knowledge or a copy of the Amended Complaint from the authorized agent (ECF No. 14-1, ¶ 7), and Mr. Foley does not dispute this point. Nor did Ms. Fischer affirmatively state that she provided a copy to Corazon, despite her awareness of the previous service issues. The Sixth Circuit has counseled:

> When the issue is one of whether to set aside an entry of default so that the "good cause" standard of Rule 55(c) is applicable, it is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable.

*Shepard*, 796 F.2d at 194 (citation omitted). A default judgment deprives the client of its day in court and should not be used as a vehicle for disciplining attorneys. *Jackson*, 636 F.2d at 837.

*     *     *

Here, despite Mr. Kovacs-Colón's conduct, the strong policy in favor of deciding cases on their merits leads the Court to **conditionally** grant Corazon's Motion. *United Coin*, 705 F.2d at 844–45 ("Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their

9

merits."). The granting of Corazon's Motion is conditional under the Court's "inherent power to impose reasonable conditions on setting aside an entry of default in order to limit undue prejudice to the opposing party." *OneMD-Louisville PLLC, LLC v. Digital Med., LLC*, No. 3:19-CV-468-CRS, 2020 WL 2461885, at *9 (W.D. Ky. May 12, 2020) (citation omitted); *see also Shepard*, 796 F.2d at 195 (stating that district court not precluded "from assessing or determining some appropriate penalty or sanction against the defendant or his counsel for the delay occasioned by [ ] careless or inexcusable conduct[.]").

Here, though the Court concludes that Corazon and its counsel's actions do not justify an entry of default, their conduct does warrant sanctions. Mr. Foley has incurred additional fees in filing an application for default and in responding to Corazon's Motion as a result of Corazon's delinquencies, including its failure to timely respond to the Amended Complaint.

Equity dictates that a defendant may reimburse a plaintiff's costs and attorneys' fees directly related to a motion for entry of default or a motion for default judgment as a condition of the Court setting aside the entry of default. *See, e.g., Allied Consol. Enterprises, Inc. v. Aladwan*, No. 20CV-4561, 2021 WL 1572291, at *5 (S.D. Ohio Apr. 22, 2021) (Morrison, J.) (citing cases). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id*. Thus, "there is no requirement ... that district

10

courts identify and justify each disallowed hour." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) (citing *New York State Association for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)). "Nor is there any requirement that district courts announce what hours are permitted for each legal task." *Id.*

The Court hereby conditions setting aside the entry of default on the payment to Mr. Foley of his attorneys' fees and costs incurred in filing the August 5, 2024 application for entry of default and in responding to Corazon's Motion to set aside that default.[2] Mr. Foley shall file a motion with accompanying documentation of all such expenses **WITHIN SEVEN (7) DAYS** of the date of this Order. Any response to that motion shall be limited to arguments concerning the reasonableness of the requested fees and shall be filed **WITHIN SEVEN (7) DAYS** of Mr. Foley's filing.

### B.     Mr. Foley's Motion for Default Judgment

Because the Court has granted Corazon's Motion to Set Aside Entry of Default, Mr. Foley's Motion for Default Judgment (ECF No. 16) is **DENIED as moot.**

---

[2] Mr. Foley is not awarded his attorneys' fees for filing his Motion for Default Judgment (ECF No. 16). The Court ordered Mr. Foley to move for default judgment or otherwise show cause why his claims should not be dismissed for failure to prosecute. (ECF No. 12.) When Corazon moved to set aside the entry of default three days later, Mr. Foley could have filed a one-page response to satisfy the show cause order rather than a motion for default judgment, particularly given the Sixth Circuit's clear guidance that courts should decide cases on the merits as opposed to granting default judgments.

## III.    CONCLUSION

For the reasons set forth above, Mr. Foley shall file a motion with accompanying documentation of his attorneys' fees and costs incurred in filing the August 5, 2024 application for entry of default and in responding to Corazon's Motion to Set Aside Entry of Default (ECF No. 14) **WITHIN SEVEN (7) DAYS** of the date of this Order. Any response to Mr. Foley's motion shall be limited to arguments concerning the reasonableness of the requested fees and shall be filed **WITHIN SEVEN (7) DAYS** of the filing. After the Court enters an Order awarding Mr. Foley such fees, Corazon's Motion to Set Aside Entry of Default (ECF No. 14) will be **GRANTED, CONDITIONAL UPON THE PAYMENT OF SUCH FEES**.

Mr. Foley's Motion for Default Judgment (ECF No. 16) is **DENIED as moot**.

**IT IS SO ORDERED**.

<u>/s Sarah D. Morrison</u>
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT COURT**